IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JASON GOLDSTEIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> LUXOTTICA OF AMERICA INC. D/B/A RAY-BAN, <br><br> Defendant. | Case No. _____ <br><br> State Court Case No. 502021CA001728 |

## NOTICE OF REMOVAL OF ACTION

Defendant Luxottica of America Inc. d/b/a Ray-Ban ("Ray-Ban"), by and through its counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, hereby removes this action from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida ("State Court"), to the United States District Court for the Southern District of Florida. In support thereof, Ray-Ban states as follows:

### BACKGROUND

1. Ray-Ban exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Jason Goldstein v. Luxottica of America Inc. d/b/a Ray-Ban*, Case No. 502021CA001728.

2. 28 U.S.C. § 1441(a) provides any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the U.S. district court for the district and division embracing the place where such action is pending.

3.  This is a civil action instituted in the State Court that has not been tried.

4.  On February 8, 2021 Plaintiff Jason Goldstein ("Plaintiff") filed his original Class Action Complaint (the "Complaint") in the State Court. Plaintiff's Complaint asserts claims arising out of Ray-Ban's use of session replay and analytics technology on its website, which Plaintiff alleges violates the Florida Security of Communications Act ("FSCA"), Florida Statutes §§ 934.01, *et seq*. Complaint, Exhibit A, ¶¶ 1-4, 30-41. A true and correct copy of the available file, including the Complaint, **Exhibit A**, and operative Return of Service, **Exhibit B**, is attached hereto.

5.  As set forth below, the State Court Docket reflects that Ray-Ban received a copy of the Summons and Complaint on February 10, 2021; this Notice is thus timely under 28 U.S.C. §§ 1446(b) and 1453. *See* Ex. B; *Murphy Bros., Inc. v. Michetti Pipe String, Inc.*, 526 U.S. 344, 347-48 (1999).

6.  As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

### SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7.  CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse

from at least one defendant (*i.e.,* "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d).

8. Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate jurisdiction of certain class actions in federal court." *Dart Cherokee*, 135 S. Ct. at 544. In light of *Dark Cherokee*, the Eleventh Circuit has held: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

9. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant; and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Because all three requirements have been met, removal is appropriate in this case.

### I. The Proposed Class Exceeds 100 Members

10. A civil action constitutes a "class action" under CAFA if: (1) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"; and (2) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B), (d)(2), and (d)(5)(B) (emphasis added).

11. The State Court Action attempts to assert the purported claims in this case pursuant to Florida Rule of Civil Procedure 1.220 on behalf of the following putative class:

> All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

3

Ex. A ¶ 20; 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff alleges that he believes the number of class members is "no less than 100 individuals." *Id.* ¶ 22.

13. Ray-Ban has identified over 50,000 unique visitors from Florida IP addresses to its Ray-Ban website over the applicable statutory period when the at issue software was in use, well exceeding the 100 class member threshold. *See* Declaration of William Evans in Support of Notice of Removal, attached as **Exhibit C**, ¶ 5. This action therefore constitutes a "class action" under 28 U.S.C. § 1332(d)(1)(B), (d)(2), and (d)(5)(B).

## II.     The Minimal Diversity of Citizenship Requirement is Satisfied

14. At the time Plaintiff commenced this action against Ray-Ban in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

15. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Courts often refer to this as "minimal diversity." *See Hill v. National Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 902 (11th Cir. 2016). This requirement is met here, as Ray-Ban is a citizen of a different state than the named Plaintiff.

16. The Complaint identifies the named Plaintiff as a citizen of Florida. Ex. A ¶ 5.

17. Luxottica of America Inc. d/b/a Ray-Ban is incorporated in the state of Ohio and has its principal place of business in Mason, Ohio. Ex. C ¶ 4.

18. For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Ray-Ban is a citizen of a state other than the state of Florida.

19. As a citizen of Ohio, Ray-Ban is a citizen of a state other than the state of citizenship of at least one named Plaintiff identified in the Complaint; accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

### III. The Amount in Controversy Requirement Under CAFA is Satisfied

20. At the time Plaintiff commenced this action against Ray-Ban in State Court, and now at the time of removal, the amount in controversy requirement contemplated by 28 U.S.C. § 1332(d)(2) was and is also satisfied.

21. A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

22. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D)); *see also South Florida Wellness*, *Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

23. Here, Plaintiff's claims meet the jurisdictional threshold set forth in Section 1332(d)(6) in that the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

24. As stated above, the Complaint seeks relief for purported violations of the FSCA. *See* Ex. A ¶¶ 1-4, 30-41.

25. Plaintiff specifically alleges that Ray-Ban violated the FSCA by intercepting Plaintiff's and the class members' electronic communications when they visited the Ray-Ban

website without their consent and by using the unlawfully intercepted electronic communications. *Id.* ¶¶ 35-36.

26. The Complaint seeks "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" *Id.* ¶ 39. The Complaint also seeks attorney's fees and other litigation costs. *Id.* ¶ 40. Moreover, the Complaint seeks punitive damages. *Id.* Prayer for Relief Subpart (c). Finally, the Complaint seeks declaratory and injunctive relief. *Id.* ¶¶ 41, Prayer for Relief Subparts (a) and (b).

27. The FSCA provides for "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla. Stat. § 934.10(1)(b).

28. The amount of damages sought plausibly could include the combined total of the highest statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6). Therefore, the total of these statutory damages amounts during the relevant period makes up a portion of the plausible damages at issue in this case.

29. The initial investigation conducted by the undersigned indicates at least 50,000 unique individuals from Florida visited Ray-Ban's website for the relevant statutory period from February 8, 2019 to February 8, 2021. *See* Fla. Stat. § 934.10(c); Ex. C ¶ 5.

30. Accordingly, for purposes of CAFA aggregation[1], there are at least 50,000 members of the putative class alleged by Plaintiff. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $100 or more, exceeds $5 million.[2]

---

[1] Ray-Ban is only making this representation with respect to CAFA removal and does not concede the potential size of the putative class for any other purpose, including but not limited to numerosity under Rule 23 of the Federal Rules of Civil Procedure.

[2] $100 x 50,000 = $5,000,000

161228.00601/125351542v.1

31. In addition, Plaintiff seeks an award of "reasonable attorney's fees and other litigation costs." *See* Ex. A ¶ 40. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The FSCA permits the recovery of "[a] reasonable attorney's fee." Fla. Stat. § 934.10(1)(d).

32. Further, Plaintiff also seeks an award of punitive damages. *See* Ex. A Prayer for Relief Subpart (c). In determining the jurisdictional amount in controversy in CAFA cases, the Court must consider punitive damages in its analysis. *Rubinstein v. THD At-Home Services, Inc.*, No. 08-cv-20867, 2008 WL 11331794, at *4 (S.D. Fla. June 24, 2008); *see also McDaniel v. Fifth Third Bank*, 558 Fed. Appx. 729, 731 (11th Cir. 2014) (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011)) (noting that CAFA's amount in controversy requirement can be satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum). Moreover, the FSCA allows a plaintiff to recover both punitive and statutory damages. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 480 F.Supp.3d 1000, 1030 (N.D. Cal. 2020) (noting the FSCA "allows both punitive and statutory damages" and that such "duplication is permissible").

33. Finally, Plaintiff also seeks declaratory and injunctive relief. Ex. A ¶¶ 41, Prayer for Relief Subparts (a) and (b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1997). The FSCA provides for "[p]reliminary or equitable or declaratory relief as may be appropriate." Fla. Stat. § 934.10(1)(a). Accordingly, the amount in controversy here may include the value of declaratory and injunctive relief.

34. Taken together, Plaintiff and his purported class have placed in controversy at least $5,000,000 in damages.

35. Accordingly, the $5,000,000 amount in controversy threshold is thus met for purposes of satisfying 28 U.S.C. § 1332(d)(6).

**IV.  The Court Should Not Decline to Exercise Jurisdiction Over This Action**

36. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.

37. As set forth above, Plaintiff cannot satisfy Section 1332(d)(3).

38. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

    a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    b. at least one defendant is a defendant:

        i. from whom significant relief is sought by members of the plaintiff class;

        ii. whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

        iii. who is a citizen of the State in which the action was originally filed; and

    c. principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

161228.00601/125351542v.1

      d.    during the three-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

39. The factors outlined in Section 1332(d)(4) are not present here. By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed. Thus, this Court should not decline to exercise jurisdiction over this action.

## PROCEDURAL COMPLIANCE

40. In accordance with the requirements of 28 U.S.C. § 1446(b), a notice of removal should be filed within thirty (30) days after service of the summons and complaint on a defendant.

41. Here, the State Court Docket reflects that a copy of the Summons and Complaint was served on Ray-Ban on February 10, 2021. *See* Ex. B.

42. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Southern District of Florida, which embraces the place where the action is currently pending.

43. The U.S. District Court for the Southern District of Florida embraces the county in which the State Court action is now pending (*i.e.*, Palm Beach County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 89(c).

44. No previous application has been made for the relief requested herein.

45. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Ray-Ban; the Class Action Complaint, bearing case number 502021CA001728, filed in the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County (*see* **Exhibit A**, attached); and the Return of Service (*see* **Exhibit B**, attached).

46. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

47. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

48. Ray-Ban reserves all defenses and objections to Plaintiff's claims.

**WHEREFORE**, Defendant Luxottica of America Inc. d/b/a Ray-Ban hereby removes this case from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, where it is now pending, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

**DATED:** March 12, 2021

**BLANK ROME LLP**

*s/ Maria K. Vigilante*
Maria K. Vigilante (Fla. Bar No. 98822)
500 East Broward Boulevard, Suite 2100
Fort Lauderdale, Florida 33394
Phone: (954) 512-1809
Fax: (813) 433-5564
Email: MVigilante@BlankRome.com

Frank A. Dante
(*pro hac vice forthcoming*)
130 N. 18th Street
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5645
Fax: (215) 832-5645
Email: Dante@BlankRome.com

Ana Tagvoryan
(*pro hac vice forthcoming*)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Phone: (424) 239-3465
Fax: (424) 239-3690
Email: ATagvoryan@BlankRome.com

        David J. Oberly
        (*pro hac vice forthcoming*)
        1700 PNC Center
        201 E. Fifth Street
        Cincinnati, Ohio 45202
        Phone: (513) 362-8711
        Fax: (513) 362-8702
        Email: DOberly@BlankRome.com

*Counsel for Defendant,*
*Luxottica of America Inc. d/b/a Ray-Ban*

## CERTIFICATE OF SERVICE

I, Maria K. Vigilante, Esquire, hereby certify that on March 12, 2021, I electronically filed the foregoing Notice of Removal of Defendant Luxottica of America Inc. d/b/a Ray-Ban with the Court via the ECF System and is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Maria K. Vigilante*
Maria K. Vigilante

*Counsel for Defendant,
Luxottica of America Inc. d/b/a Ray-Ban*

161228.00601/125351542v.1