# EXHIBIT A

Filing # 120985649 E-Filed 02/08/2021 12:38:09 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

<u>Jason Goldstein</u>
Plaintiff                                                                      Case #  _____

                                                                                  Judge  _____

vs.
<u>Luxottica of America Inc</u>
Defendant

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.      TYPE OF CASE**        (If the case fits more than one type of case,   select the most definitve category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 02/08/2021 12:38:09 PM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>1</u>

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Angelica Gentile Gentile</u>      Fla. Bar # <u>102630</u>
        Attorney or party         (Bar # if attorney)

<u>Angelica Gentile Gentile</u>        <u>02/08/2021</u>
 (type or print name)         Date

Filing # 120985649 E-Filed 02/08/2021 12:38:09 PM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

JASON GOLDSTEIN, *individually and on*
*behalf of all others similarly situated*,

       Plaintiff,

vs.

LUXOTTICA OF AMERICA INC. D/B/A RAY-BAN,

       Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Jason Goldstein brings this class action against Defendant Luxottica of America Inc. d/b/a Ray-Ban, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2.      Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff and the Class members. Defendant did so for its own

financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien*, 899 So. 2d 1133 (Fla. 5th DCA 2005).

3.    Defendant has intercepted the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful interceptions. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## PARTIES

5.    Plaintiff is, and at all times relevant hereto was, a citizen and resident of Palm Beach County, Florida.

6.    Defendant is, and at all times relevant hereto was, a corporation that maintains its primary place of business at 4000 Luxottica Place, Mason, Ohio 45040.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8.    Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant intercepted electronic communications from and to Florida without the consent of Plaintiff and the Class members.

Plaintiff and the Class members were in Florida when Defendant's unlawful interceptions occurred, and were injured while residing in and physically present in Florida.

9.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

10.      Defendant owns and operates the following website: www.ray-ban.com.

11.      Over the past year, Plaintiff visited Defendant's website approximately 2 times.

12.      Plaintiff most recently visited Defendant's website on or about September 2020.

13.      Plaintiff was in Florida during each visit to Defendant's website.

14.      Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or "session replay" software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff.  Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit.

15.      Plaintiff never consented to interception of his electronic communications by Defendant or anyone else.

16.      At no point in time did Plaintiff provide Defendant, its employees, or agents with consent to intercept Plaintiff's electronic communications.

17.      Plaintiff and the putative Class members did not have a reasonable opportunity to discover Defendant's unlawful interceptions because Defendant did not disclose or seek their consent to intercept the communications.

18.      Upon information and belief, Defendant similarly intercepted the electronic communications of other individuals located in Florida who visited Defendant's website.

19.     Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of his privacy and/or the exposure of private information.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20.     Plaintiff brings this lawsuit as a class action on behalf of all other similarly situated persons pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).   The "Class" that Plaintiff seeks to represent is defined as:

> **All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.**

21.     Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

### NUMEROSITY

22.     The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

23.     The identities of the Class members are unknown at this time and can be ascertained only through discovery.   Identification of the Class members is a matter capable of ministerial determination from Defendant's records kept in connection with its unlawful interceptions.

### COMMON QUESTIONS OF LAW AND FACT

24.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.   Among the questions of law and fact common to the Class are:

> (1) Whether Defendant violated the FSCA;
>
> (2) Whether Defendant intercepted Plaintiff's and the Class members' electronic communications;
>
> (3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;
>
> (4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;
>
> (5) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (6) Whether Defendant should be enjoined from such conduct in the future.

25.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the FSCA, Fla. Stat. Ann. § 934.03**
**(On Behalf of Plaintiff and the Class)**

30.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31.     It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication.  Fla. Stat. Ann. § 934.03(1)(a).

32.     Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

33.     The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

34.     The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce...." Fla. Stat. Ann. § 934.02(12).

35.     Defendant violated § 934.03(1)(a) of the FSCA by intercepting Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

36.     Defendant intercepted Plaintiff's and the Class members' electronic communications without their prior consent.

37.     Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

38.     Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website.

39.     As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

40.     Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

41.     Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE,** Plaintiff Jason Goldstein, on behalf of himself and the other members of the Class, prays for the following relief:

a.      A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b.      An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c.      An award of actual, liquidated damages, and/or punitive statutory damages;

d.      Reasonable attorney's fees and costs; and

e.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the

alleged communications.

Dated: February 8, 2021

                                        Respectfully Submitted,

                    By:    /s/ Andrew J. Shamis
                           **SHAMIS & GENTILE, P.A.**
                           Andrew J. Shamis, Esq.
                           Florida Bar No. 101754
                           ashamis@shamisgentile.com
                           14 NE 1st Avenue, Suite 705
                           Miami, Florida 33132
                           (t) (305) 479-2299
                           (f) (786) 623-0915

                           **EDELSBERG LAW, PA**
                           Scott Edelsberg, Esq.
                           Florida Bar No. 100537
                           scott@edelsberglaw.com
                           20900 NE 30th Ave., Suite 417
                           Aventura, FL 33180
                           Telephone: 305-975-3320

                           **HIRALDO P.A.**
                           Manuel Hiraldo, Esq.
                           Florida Bar No. 030380
                           401 E. Las Olas Blvd., Suite 1400
                           Fort Lauderdale, FL 33301
                           MHiraldo@Hiraldolaw.com
                           Telephone: 954-400-4713

                           *Counsel for Plaintiff and Proposed Class*

Filing # 120985649 E-Filed 02/08/2021 12:38:09 PM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.

JASON GOLDSTEIN, individually and on behalf of all others similarly situated,

    *Plaintiff,*

vs.

LUXOTTICA OF AMERICA INC. D/B/A RAY-BAN,

    *Defendant.*

_____/

CLASS ACTION

JURY TRIAL DEMANDED

2404
2010 ot
9Q
39U

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:    Luxottica of America Inc. d/b/a Ray-Ban
        c/o NRAI Services, Inc.
        1200 South Pine Island Road
        Plantation, FL 33324

    Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132,** within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

### Feb 09 2021

Dated this _____ day of _____, 2021.

                    CLERK JOSEPH ABRUZZO
            As Clerk of the Court

            By: _____
               As Deputy Clerk

              GINA BRIMMER D.C.

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 02/08/2021 12:38:09 PM



**JOSEPH ABRUZZO**

**RECEIPT**
3903061

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
02/09/2021 10:55
Page 1 of 1

| Receipt Number: 3903061 - Date 02/09/2021  Time 10:55AM | | | |
|---|---|---|---|
| **Received of:** | Robert Jurewicz | | |
| | 14 NE 1st Ave ste.705 | | |
| | Miami, FL 33132 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 10223175 | **Remaining Balance:** | 0.00 |
| **Division:** | AJ: Circuit Civil Central - AJ(Civil) | | |

| Case# 50-2021-CA-001728-XXXX-MB -- PLAINTIFF/PETITIONER: GOLDSTEIN, JASON | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 30367201 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502021CA001728XXXXMB

JASON GOLDSTEIN,
individually and on behalf of all,
others similarly situated,

      Plaintiff,

v.

LUXOTTICA OF AMERICA, INC.
d/b/a RAY-BAN,

      Defendant.

_____/

CLASS ACTION

JURY TRIAL DEMANDED

## NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Manuel S. Hiraldo of the law firm of Hiraldo P.A. enters his

appearance in this case as counsel for Plaintiff and requests that copies of all pleadings, motions, orders,

notices, correspondence, and documents of any kind regarding the above-styled cause be served upon

said counsel.

Date: February 10, 2021

Respectfully submitted,

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

_/s/ Manuel S. Hiraldo_
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
_Counsel for Plaintiff_

## RETURN OF SERVICE

State of Florida                    County of Palm Beach                    Circuit Court

Case Number: 502021CA001728XXXXMB

Plaintiff:
**JASON GOLDSTEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**

vs.

Defendant:
**LUXOTTICA OF AMERICA INC. D/B/A RAYBAN**

For:
Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1ST Avenue, Suite 400
Miami, FL 33132

Received by Global Process Services Corp on the 9th day of February, 2021 at 11:03 am to be served on **LUXOTTICA OF
AMERICA INC. D/B/A RAY-BAN C/O NRAI SERVICES, INC., 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Sandra Quinones, do hereby affirm that on the **10th day of February, 2021** at **2:40 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Class Action Complaint** with the date and hour
of service endorsed thereon by me, to: **DONNA MOCH** as **REGISTERED AGENT** for **LUXOTTICA OF AMERICA INC.
D/B/A RAY-BAN C/O NRAI SERVICES, INC.**, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL
33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of eighteen, and that I have no interest in the above action. Per F.S.92.525(2) Under penalties
of perjury, I declare that I have read the foregoing Return of Service and the facts stated in it are true.

**Sandra Quinones**
SPS #394

**Global Process Services Corp**
**P.O. Box 961556**
**Miami, FL 33296**
**(786) 287-0606**

Our Job Serial Number: GER-2021000385
Ref: S&G

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1g



Filing # 120985649 E-Filed 02/08/2021 12:38:09 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

JASON GOLDSTEIN, individually and on behalf of          CLASS ACTION
all others similarly situated,

    *Plaintiff,*

                                                 JURY TRIAL DEMANDED

vs.

LUXOTTICA OF AMERICA INC. D/B/A RAY-
BAN,

    *Defendant.*

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:    Luxottica of America Inc. d/b/a Ray-Ban
        c/o NRAI Services, Inc.
        1200 South Pine Island Road
        Plantation, FL 33324

    Each Defendant is required to serve written defenses to the Complaint or petition on:
**Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132,**
within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the complaint or petition.

                                 Feb 09 2021
Dated this _____ day of _____, 2021.

                                      CLERK JOSEPH ABRUZZO
                        As Clerk of the Court

                        By:_____
                            As Deputy Clerk

                            GINA BRIMMER D.C.

NOT A CERTIFIED COPY

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JASON GOLDSTEIN, *individually and
on behalf of all others similarly situated,*

        Plaintiff,

v.

LUXOTTICA OF AMERICA INC.
D/B/A RAY-BAN,

        Defendant.

_____/

CASE NO.: 502021CA001728XXXXMB

CLASS REPRESENTATION

## NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Garrett O. Berg of the law firm of Shamis & Gentile, P.A.

enters his appearance in this case as counsel for Plaintiff and requests that copies of all pleadings,

motions, orders, notices, correspondence, and documents of any kind regarding the above-styled

cause be served upon said counsel.

Date: March 1, 2021

        Respectfully submitted,
        */s/ Garrett O. Berg*
        **SHAMIS & GENTILE, P.A.**
        Garrett O. Berg, Esq.
        Florida Bar No. 1000427
        gberg@shamisgentile.com
        14 NE 1st Avenue, Suite 705
        Miami, Florida 33132
        Telephone: 305-479-2299

NOT A CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal, which will furnish a copy to all individuals on the attached Service List.

Respectfully submitted,
*/s/ Garrett Berg*

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2021-CA-001728-XXXX-MB

JASON GOLDSTEIN, *individually and on
behalf of all others similarly situated*,

      Plaintiff,

vs.

LUXOTTICA OF AMERICA INC. D/B/A
RAY-BAN,

      Defendant.

_____/

CLASS ACTION

JURY TRIAL DEMANDED

## NOTICE OF APPEARANCE FOR DEFENDANT
## LUXOTTICA OF AMERICA INC. D/B/A RAY-BAN

PLEASE TAKE NOTICE that Maria K. Vigilante, Esq. of BLANK ROME LLP, 500 E.
Broward Blvd., Suite 2100, Fort Lauderdale, FL 33394, enters her appearance as counsel for
Defendant LUXOTTICA OF AMERICA INC. D/B/A RAY-BAN in this case. All further
pleadings and documents in this case should be forwarded to the undersigned attorney at the above-
stated address.

## NOTICE OF PRIMARY E-MAIL DESIGNATION

Undersigned counsel, pursuant to Rule 2.516, Florida Rules of Judicial Administration,
hereby designates the following e-mail addresses for receiving service:

      Primary E-mail:      MVigilante@BlankRome.com

      Secondary E-mail:      BRFLeservice@BlankRome.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 2, 2021, with the Clerk of the Circuit Court using the Florida Courts E-Filing Portal and served by an automatic e-mail generated by the Florida Courts E-Filing Portal to: Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1ˢᵗ Avenue, Suite 705, Miami, FL 33132, ashamis@shamisgentile.com; Scott Edelsberg, Esq., Edelsberg Law, P.A., 20900 NE 30th Avenue, Suite 417, Aventura, FL 33180, scott@edelsberglaw.com; and Manuel Hiraldo, Esq., Hiraldo P.A., 401 East Last Olas Boulevard, Suite 1400, Fort Lauderdale, FL 33301, MHiraldo@Hiraldolaw.com.

Respectfully submitted,

**BLANK ROME LLP**
500 E. Broward Blvd., Suite 2100
Fort Lauderdale, FL 33394
Telephone: (954) 512-1809
Facsimile: (813) 433-5564
E-mail Service: BRFLeservice@BlankRome.com

*/s/ Maria K. Vigilante*
MARIA K. VIGILANTE
Florida Bar No. 98822
MVigilante@BlankRome.com
*Counsel for Defendant*

2

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2021-CA-001728-XXXX-MB

JASON GOLDSTEIN, *individually and on*     CLASS ACTION
*behalf of all others similarly situated*,

                                       JURY TRIAL DEMANDED

         Plaintiff,

vs.

LUXOTTICA OF AMERICA INC. D/B/A
RAY-BAN,

         Defendant.

_____/

**DEFENDANT'S *AGREED* MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Luxottica of America Inc. d/b/a Ray-Ban ("Defendant"), by and through its

undersigned counsel, files this Motion for Enlargement of Time to Respond to Jason Goldstein's

("Plaintiff") Class Action Complaint (the "Complaint"), and in support states:

1.      On February 8, 2021, Plaintiff filed the Complaint in this action.

2.      Plaintiff served Defendant with the Complaint on February 10, 2021.

3.      Defendant's response to the Complaint is currently due on March 2, 2021.

4.      Pursuant to Rule 1.090(b)(1)(A), this Court may, for cause shown and at any time

in its discretion, enlarge the time in which to respond if the request is made before the expiration

of the original time period. Fla. R. Civ. P. 1.090(b)(1)(A); *see also Litwinski v. Weitzer Country

Homes, Inc.*, 711 So. 2d 1390, 1391 (Fla. 3d DCA 1998) ("When a litigant seeks an extension of

time before the period expires, Florida Rule of Civil Procedure Rule 1.090(b)(1) requires only

'cause shown.'"). Thus, when a litigant asserts reasonable grounds before the expiration of the

time period, "the trial judge has broad discretion to extend the time limitation." *Litwinski*, 711 So. 2d at 1391.

5.      Defendant recently retained the undersigned counsel to represent it in this action. Due to counsel's need to familiarize itself with the Complaint, and to investigate the issues therein, Defendant needs additional time to prepare its responses.

6.      Defendant requests and enlargement of time of thirty (30) days—through and including Thursday, April 1, 2021—to respond to the Complaint.

7.      This is Defendant's first request for an enlargement of time. The requested enlargement of time will not prejudice any party because the case is still in its early stages, and Defendant does not request this enlargement of time for the purpose of delay.

8.      Defendant's counsel conferred with Plaintiff's counsel, Manuel Hiraldo, Esq., by e-mail on February 26, 2021 and on March 1, 2021, and Plaintiff's counsel represented that Plaintiff consented to the enlargement of time requested in this Motion.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order enlarging Defendant's time to respond to the Complaint through and including April 1, 2021, and granting any other relief this Court deems just and proper.

Dated: March 2, 2021                          Respectfully submitted,

                                                             **BLANK ROME LLP**
                                                             500 E. Broward Blvd., Suite 2100
                                                             Fort Lauderdale, FL 33394
                                                             Telephone: (954) 512-1809
                                                             Facsimile: (813) 433-5564
                                                             E-mail Service: BRFLeservice@BlankRome.com

                                                             */s/ Maria K. Vigilante*
                                                             MARIA K. VIGILANTE
                                                             Florida Bar No. 98822
                                                             MVigilante@BlankRome.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 2, 2021, with the Clerk of the Circuit Court using the Florida Courts E-Filing Portal and served by an automatic e-mail generated by the Florida Courts E-Filing Portal to: Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 705, Miami, FL 33132, ashamis@shamisgentile.com; Scott Edelsberg, Esq., Edelsberg Law, P.A., 20900 NE 30th Avenue, Suite 417, Aventura, FL 33180, scott@edelsberglaw.com; and Manuel Hiraldo, Esq., Hiraldo P.A., 401 East Last Olas Boulevard, Suite 1400, Fort Lauderdale, FL 33301, MHiraldo@Hiraldolaw.com.

*/s/ Maria K. Vigilante*
Maria K. Vigilante

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2021-CA001728-XXXX-MB

JASON GOLDSTEIN, *individually and on*   CLASS ACTION
*behalf of all others similarly situated*,

                                JURY TRIAL DEMANDED

      Plaintiff,

vs.

LUXOTTICA OF AMERICA INC. D/B/A
RAY-BAN,

      Defendant.

_____/

### *AGREED* ORDER GRANTING DEFENDANT'S *AGREED* MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

THIS CAUSE, having come before the Court upon Defendant Luxottica of America Inc.

d/b/a Ray-Ban's ("Defendant") *Agreed* Motion for Enlargement of Time to Respond to Plaintiff's

Class Action Complaint (the "Motion"), and the Court having reviewed the Motion and being

otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.      The Motion is **GRANTED**.

2.      Defendant is granted an enlargement of time through and including April 1, 2021,

to file a response to Plaintiff's Class Action Complaint.

DONE and ORDERED in Chambers in Palm Beach County, Florida.

502021CA001728XXXXMB  03/04/2021
                       Joseph Marx  Circuit Judge

502021CA001728XXXXMB    03/04/2021
Joseph Marx
Circuit Judge

*Copies furnished to:*

Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1ˢᵗ Avenue, Suite 705
Miami, FL 33132
ashamis@shamisgentile.com
*Counsel for Plaintiff*

Scott Edelsberg, Esq.
Edelsberg Law, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
scott@edelsberglaw.com
*Counsel for Plaintiff*

Manuel Hiraldo, Esq.
Hiraldo P.A.
401 East Last Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
*Counsel for Plaintiff*

Maria K. Vigilante, Esq.
BLANK ROME LLP
500 E. Broward Blvd., Suite 2100
Fort Lauderdale, FL 33394
MVigilante@BlankRome.com
*Counsel for Defendant*

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO. 50-2021-CA-001728-XXXX-MB

Jason Goldstein, *individually and on*
*behalf of all others similarly situated*,

      Plaintiff,

vs.

Luxottica of America Inc. d/b/a Ray-Ban,

      Defendant.

_____/

                                                    **CLASS ACTION**

                                               **JURY TRIAL DEMANDED**

### PLAINTIFF'S NOTICE OF SERVICE OF
### <u>FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT</u>

      Plaintiff, by and through counsel and pursuant to Florida Rules of Civil Procedure 1.340, 1.350, and 1.370, hereby gives notice of serving Interrogatories, Request for Production of Documents, and Request for Admissions on Defendant to be answered separately and fully, in writing and under oath if applicable within thirty (30) days after service thereof.

DATED: March 9, 2021

                             By:    */s/ Andrew J. Shamis*
                                    **SHAMIS & GENTILE, P.A.**
                                    Andrew J. Shamis, Esq.
                                    Florida Bar No. 101754
                                    ashamis@shamisgentile.com
                                    14 NE 1st Avenue, Suite 705
                                    Miami, Florida 33132
                                    (t) (305) 479-2299
                                    (f) (786) 623-0915

                                    **EDELSBERG LAW, PA**

Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the aforementioned discovery requested were served electronically on counsel for Defendant.

*/s/ Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915