UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80546-CIV-CANNON/REINHART

JASON GOLDSTEIN,

        Plaintiff,

v.

LUXOTTICA OF AMERICA, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 22)

Before me is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (FAC), which was referred to me by the Hon. Aileen Cannon for appropriate disposition. ECF 32. I have reviewed the FAC (ECF No. 16), Defendant's Motion to Dismiss (ECF No. 22), Plaintiff's response (ECF No. 26), and Defendant's reply (ECF No. 27), as well as the parties' supplemental filings and the attachments thereto (ECF Nos. 28-31). For the reasons stated below, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

## BACKGROUND

In the FAC, Plaintiff Goldstein alleges that he visited Defendant's website (www.ray-ban.com) twice in the last year and that Defendant unlawfully intercepted his electronic communications using "session replay" technology to track his activities on the website in violation of the Florida Security of Communications Act (FSCA). ECF No. 16 (citing Fla. Stat. § 934.01, et seq.). Specifically, Mr. Goldstein alleges that Defendant watched and recorded his mouse clicks and movements, keystrokes, search terms, scroll movements, copy and paste actions, as well as the

pages and content Mr. Goldstein viewed and information he inputted.  ECF No. 16 at ¶ 29.

In its motion to dismiss, Defendant contends that "session replay" is a popular analytics tool used to improve a website's functionality as well as the user's experience, and that the protections of the FSCA were never intended to extend to this type of technology.  ECF No. 22.  According to Defendant, "although the FSCA may protect the substance of certain private conversations that take place on the Internet (e.g., private emails or chats) [citation omitted], the same protection does not extend to browsing on the open Internet because individuals have no reasonable expectation of privacy in such "online 'movements.'"  *Id.* at 7 (quoting *United States v. Taylor*, 935 F.3d 1279, 1284 n. 4 (11th Cir. 2019) (comparing "browsing the open internet" to "traveling along the equivalent of 'public highways.'")). Defendant moves to dismiss Mr. Goldstein's FSCA claim pursuant to Rule 12(b)(6) on the following grounds: (1) the FSCA is not intended to apply to this kind of technology, (2) the FAC fails to plausibly allege that Defendant intercepted the content of an electronic communication, (3) the FAC fails to plausibly allege that Defendant used an electronic, mechanical, or other device, (4) the FAC fails to plausibly allege that Mr. Goldstein had a reasonable expectation of privacy when he was interacting with Defendant's website, and (5) Mr. Goldstein impliedly consented to the alleged interception.

## **DISCUSSION**

The FSCA creates civil liability for anyone who "intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication."  Fla. Stat. § 934.03(1)(a).  As used in the FSCA, "intercept" means the "aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  Fla. Stat. § 934.02(3).  "Contents" of a communication "includes any information concerning the substance, purport, or meaning of that

2

communication." Fla. Stat. § 934.02(7). "Electronic communication" means "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce, but does not include:

    (a)   Any wire or oral communication;

    (b)   Any communication made through a tone-only paging device;

    (c)   Any communication from an electronic or mechanical device which permits the tracking of the movement of a person or an object; or

    (d)   Electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds.

Fla. Stat. § 934.02(12). No liability exists unless there is a reasonable expectation of privacy in the underlying communication. *See, e.g., Ford v. City of Boynton Beach,* 4D19-3664, 2021 WL 3376966, at *3 (Fla. Dist. Ct. App. Aug. 4, 2021).

I recommend that the Motion to Dismiss be granted with prejudice. Applying the applicable statutory definitions, as a matter of law the information Mr. Goldstein alleges the session replay software captured is (1) not "contents," (2) not an "electronic communication," and (3) not a prohibited "interception."[1] In reaching my conclusion, I adopt the reasoning set forth in the thorough decision by Circuit Judge Carlos Lopez in *Jacome v. Spirit Airlines, Inc.*, Case No. 2021-000947-CA-01 (Fla. 11th Cir. Ct. June 17, 2021) (Order Granting Defendant Spirit Airlines, Inc.'s Motion to Dismiss First Amended Action Complaint).

In *Jacome,* Judge Lopez first held that session replay software did not intercept the

---

[1] Because these grounds are each independently sufficient to dispose of the pending motion, I do not address the remaining asserted grounds for dismissal.

"contents" of any communication. He concluded that "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, and pages and content viewed by Plaintiff were . . . precisely the type of non-record information that courts consistently find do not constitute 'contents' under the Federal Wiretap Act or any of its state analogs because it does not convey the substance or meaning of any message." ECF No. 29 at 12 (citations omitted).  He further held that (1) plaintiff had failed to plead that an electronic, mechanical, or other device was used, (2) the software fell within the statutory exception for a device that tracks the movement of a person or object, (3) that plaintiff had failed to plead that any interception was contemporaneous with transmission, (4) that plaintiff had not pled an expectation of privacy, and (5) that plaintiff consented to any interception. *Id.* at 10-17.

I join the judges in this District and the Middle District of Florida who have adopted Judge Lopez's reasoning and conclusion.  In *Cardoso v. Whirlpool Corp.*, No. 21-CV-60784-WPD, 2021 WL 2820822, at *2 (S.D. Fla. July 6, 2021), Judge Dimitrouleas said:

> As this case arises under a somewhat novel, unique application of Florida law, the Court finds the Florida state court decisions in nearly identical cases to be particularly relevant to the Court's review of the instant matter. Upon careful consideration of the parties' arguments and the relevant case law, the Court agrees with the analysis and conclusions set forth in Florida state court Judge Carlos Lopez's June 17, 2021 Order in *Jacome v. Spirit Airlines, Inc.*, Case No. 2021-000947-CA-01 (Fla. 11th Cir. Ct. June 17, 2021) (Order Granting Defendant Spirit Airlines, Inc.'s Motion to Dismiss First Amended Action Complaint). In that case, which relied on very similar allegations to the present case and claimed that the use of session replay on a commercial website violated the FSCA, the court dismissed the Amended Complaint for failure to state a claim . . . [holding] that the FSCA does not apply to the plaintiff's claims regarding session replay technology software on a commercial website . . . [which] alone is sufficient for dismissal with prejudice. *See id*. at pp. 3-7.

*Cardoso*, 2021 WL 2820822 at *2.  Judge Dimitrouleas found "Judge Lopez's reasoning and conclusions to be persuasive" and "adopte[d] and incorporate[d]" that order into his decision;

4

*accord Connor v. Whirlpool Corp.*, 21-CV-14180-WPD, 2021 WL 3076477, at *1 (S.D. Fla. July 6, 2021) (J. Dimitrouleas) (applying same reasoning as *Cardoso*); *see also Swiggum v. EAN Services, LLC,* 8:21-CV-493-TPB-CPT, 2021 WL 3022735, at *2 (M.D. Fla. July 16, 2021) (adopting reasoning and conclusions of *Lopez* and *Cardoso*).  I, too, agree with Judge Lopez's analysis and reasoning in *Jacome* and find that the FSCA does not extend to the session replay software at issue in this case.

Plaintiff relies on *Swiggum v. Beall's Inc*., Case No. 2021CA000168 (Fla. 12th Cir. Ct. 2021), where the Circuit Court denied a motion to dismiss a complaint alleging that the defendant's use of session replay software violated the FSCA.  ECF No. 28-1.  In a brief oral ruling, the Court held that "keystrokes, entry of information, mouse movements, et cetera," as alleged in the complaint were sufficient to allege an "electronic communication" within the meaning of the FSCA.  *Id*. at 5.  The *Swiggum* Court did not further analyze the text of the FSCA nor distinguish the many cases that support Judge Lopez's conclusion.  For those reasons, I decline to follow *Swiggum.*

## **RECOMMENDATION**

Based on the foregoing, I **RECOMMEND** that the Motion to Dismiss (ECF No. 22) be **GRANTED** and the First Amended Complaint be dismissed with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of August 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE